# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>                Plaintiff,<br><br>        v.<br><br>GURCHARAN RAKKAR, et al.<br><br>                Defendants. | Case No.  1:13-cv-00188-LJO-SAB<br><br>ORDER IMPOSING MONETARY SANCTIONS ON DEFENDANTS' COUNSEL AND SETTING ORDER TO SHOW CAUSE HEARING |

On May 7, 2013, at 9:00 a.m., the Court held a combined scheduling conference and contempt hearing.  For the reasons set forth below, the Court imposes $1,082.86 in monetary sanctions against Stephen R. Cloud, Sr., counsel for Defendants Gurcharan Rakkar, Ryan John Cloud and Stephen Ronald Cloud, Jr. ("Defendants") and orders Defendants' counsel to personally attend an order to show cause hearing on May 24, 2013 at 3:00 p.m.

## I.

## BACKGROUND

This action was initiated by Plaintiff Ronald Moore ("Plaintiff") on February 5, 2013. (ECF No. 1.)  On February 6, 2013, the Court issued an Order Setting Mandatory Scheduling Conference, which set a scheduling conference on calendar for May 7, 2013 at 9:00 a.m. in Courtroom 9.[1]  (ECF No. 5.)  The Order Setting Mandatory Scheduling Conference also ordered

---

[1] Although the Order Setting Mandatory Scheduling Conference was issued before Defendants made their

1

the parties to prepare a Joint Scheduling Report and included detailed requirements for the form and content of the Joint Scheduling Report.

On April 30, 2013, Plaintiff filed a scheduling report along with a declaration informing the Court that Plaintiff's counsel attempted to coordinate with Defendants' counsel for the preparation of the Joint Scheduling Report, but Defendants' counsel did not respond to those communications. (ECF No. 10.) Plaintiff's counsel attempted to communicate with Defendants' counsel via fax, e-mail and telephone, but to no avail. (Decl. of Tanya E. Moore Re Filing Scheduling Report Without Participation of Defs. ¶¶ 2-7.)

On May 1, 2013, after reviewing Plaintiff's April 30 filing, the Court ordered Defendants to show cause why they should not be sanctioned due to their failure to comply with the Order Setting Mandatory Scheduling Conference by failing to participate in the preparation of a Joint Scheduling Report. (ECF No. 11.) The Court ordered Defendants to coordinate with Plaintiff to prepare and file a Joint Scheduling Report by 4:00 p.m. on Friday, May 3, 2013. Defendants' response to the order to show cause was due at the same time.

On May 2, 2013, Defendants filed two documents entitled "Joint Scheduling Report." (ECF Nos. 12-13.) However, these documents did not comply with the form and content requirements set forth in the Order Setting Mandatory Scheduling Conference. Moreover, it was apparent that the reports were not jointly prepared with input from Plaintiff. Accordingly, the Court struck these filings from the record the same day and ordered Defendants to file a proper Joint Scheduling Report by 4:00 p.m. on May 3, 2013—the deadline originally set by the Court. (ECF No. 15.) Notably, Defendants' filings address statements made in the scheduling report filed by Plaintiff on April 30, indicating that Defendants' counsel read Plaintiff's report. Reading Plaintiff's report would have put Defendants on notice that they were ordered to cooperate in the preparation of a Joint Scheduling Report because Plaintiff's report discussed Defendants' failure to participate.

---

appearances in this action, Plaintiff was ordered to serve copies of the order with the summons and complaint. The proofs of service submitted by Plaintiff indicate that the Order Setting Mandatory Scheduling Conference was duly served on Defendants. (See ECF No. 8.)

Defendants did not file anything after the Court's order striking their improper Joint Scheduling Reports. On May 6, 2013, the Court issued an order regarding Defendants' failure to file a Joint Scheduling Report. (ECF No. 16.) The Court informed the parties that a contempt hearing would take place on May 7, 2013 at 9:00 a.m.—the same time that the parties were already scheduled to appear for a scheduling conference. The Court forewarned Defendants that civil contempt sanctions may follow and that Defendants counsel must appear in person for the hearing.

On May 7, 2013, the scheduled contempt hearing and scheduling conference took place at 9:00 a.m. Plaintiff's counsel appeared by telephone. Neither Defendants nor their counsel made an appearance. To date, Defendants have made no attempt to respond to the Court's orders.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 16(f) states:

> **(f) Sanctions.**
> **(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>   **(A)** fails to appear at a scheduling or other pretrial conference;
>   **(B)** is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>   **(C)** fails to obey a scheduling or other pretrial order.
> **(2) Imposing Fees and Costs.** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

The sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rending a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii).

Due to Defendants' failure to comply with the Court's Order Setting Mandatory Scheduling Conference, Plaintiff incurred reasonable expenses, including but not limited to preparing the declaration filed on April 30, 2013 describing Plaintiff's counsel's efforts to coordinate with Defendants' counsel in the preparation of the Joint Scheduling Report and in preparing the declaration filed on May 2, 2013 describing the defects in Defendants' Joint Scheduling Reports and Defendants failure to coordinate with Plaintiff in preparing those reports. Accordingly, under Rule 16(f)(2), the Court is required to order Defendants to pay these reasonable expenses.

On May 7, 2013, Plaintiff submitted a declaration describing the fees and expenses incurred as a result of Defendants' disobedience of the Court's pretrial order. The Court finds that the $1,082.86 in fees described in the declaration are reasonable and orders Defendants' counsel to pay those expenses.

Moreover, in light of Defendants' failure to respond to the Court's orders and failure to participate in this litigation, the Court will schedule an order to show cause hearing for Defendants' to show cause why further sanctions should not be imposed due to Defendants' failure to respond to the Court's May 1, 2013, May 2, 2013 and May 6, 2013 orders, and Defendants' failure to attend the May 7, 2013 scheduling conference and contempt hearing. **<u>Defendants and their counsel are forewarned that failure to attend the order to show cause hearing will result in a findings and recommendations striking Defendants' answer and the rendering of a default judgment against Defendants</u>**. Defendants' counsel shall be required to attend the order to show cause hearing in person. Plaintiff shall not be required to attend the order to show cause hearing, but may attend in person or telephonically if requested.

## III.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court orders Defendants' counsel, Stephen R. Cloud, Sr., to pay $1,082.86 in sanctions to Plaintiff stemming from Defendants' failure to comply with the Court's Order Setting Mandatory Scheduling Conference. Further, the Court orders

4

Defendants' counsel to personally appear before the Court for an order to show cause hearing on Friday, May 24, 2013 at 3:00 p.m. to show cause why further sanctions should not be imposed.

In light of Defendants' failure to respond to the Court's orders, the Court shall direct the Clerk of the Court to mail a copy of this order to Defendants and their attorney.  Defendants' counsel is ordered to ensure that copies of this order are delivered to each individual defendant.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendants' counsel, Stephen R. Cloud Sr., shall pay Plaintiff monetary sanctions in the amount of $1,082.86 as compensation for expenses incurred by Plaintiff due to Defendants' failure to comply with the Order Setting Mandatory Scheduling Conference.

2. Defendants' counsel shall personally appear at an order to show cause hearing on **Friday, May 24, 2013 at 3:00 p.m.** to show cause why further sanctions should not be imposed for Defendants' failure to comply with the Court's May 1, May 2 and May 6 orders and Defendants' failure to appear at the scheduling conference and contempt hearing held on May 7, 2013;

3. **Defendants and their counsel are forewarned that failure to attend the order to show cause hearing will result in a findings and recommendations striking Defendants' answer and the rendering of a default judgment against Defendants**;

4. The Clerk of the Court is directed to mail copies of this order to the following addresses:

> Gurcharan Rakkar dba Kerman Carnitas
> 14980 West Whitesbridge Avenue
> Kerman, CA 93630-1112
>
> Ryan John Cloud
> C/O Stephen R. Cloud, Sr.
> P.O. Box 6078
> Fresno, CA 93703
>
> Stephen Ronald Cloud, Jr.
> C/O/ Stephen R. Cloud, Sr.
> P.O. Box 6078
> Fresno, CA 93703

        Stephen Ronald Cloud, Sr.
        2055 East McKinley Ave.
        Fresno, CA 93703

5. The Court orders Defendants' counsel to ensure that each individual defendant personally receives a copy of this order.

IT IS SO ORDERED.

Dated: **May 8, 2013**

_____
UNITED STATES MAGISTRATE JUDGE